Rafey S. Balabanian*
rbalabanian@edelson.com
Alicia Hwang*
ahwang@edelson.com
Todd Logan (SBN – 305912)
tlogan@edelson.com
EDELSON PC
329 Bryant Street
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9435


Ari J. Scharg*
ascharg@edelson.com
Amir C. Missaghi*
amissaghi@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Pro hac vice admission to be sought

Attorneys for Plaintiff and the Putative Class

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| TERRY COUR II, individually and on behalf of all others similarly situated, | Case No. |
| *Plaintiff,* | **COMPLAINT FOR:** |
| *v.* | 1. **Violations of the TCPA; and** |
| | 2. **Cal. Bus. & Prof. Code §§ 17200,** *et seq.* |
| LIFE360, INC., a Delaware corporation, | **DEMAND FOR JURY TRIAL** |
| *Defendant.* | **CLASS ACTION** |

Plaintiff Terry Cour II brings this Class Action Complaint and Jury Demand ("Complaint") against Defendant Life360, Inc., ("Life360") to seek redress for its sending of unsolicited text message calls in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA") and California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1.      Defendant Life360 operates a fast-growing social network aimed at keeping its 50-million users' "families and close friends connected."[1]

2.      To further grow its customer base, Defendant made (or directed to be made on its behalf) unauthorized text message calls to the cellular telephones of consumers throughout the country—without prior consent—in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and California's UCL.

3.      The TCPA was enacted to protect consumers from unsolicited and repeated telephone and text message calls, exactly like those alleged in this case. Defendant made these calls despite the fact that neither Plaintiff nor the other members of the putative Class ever provided Defendant with their prior express consent to be called. By making the text message calls at issue in this Complaint, Defendant caused Plaintiff and the other members of the Class actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited text message calls.

4.      In response to Defendant's unlawful conduct, Plaintiff filed the instant lawsuit and seeks an injunction requiring Defendant to cease all unsolicited text messaging activities, as well as an award of statutory damages to the members of the Class as provided under the TCPA, actual damages, and costs and reasonable attorneys' fees.

---

[1]      *Life360 - The New Family Circle*, www.life360.com (last visited Feb. 17, 2016).

**PARTIES**

5.     Plaintiff Terry Cour II is a natural person and citizen of the State of Michigan.

6.     Defendant Life360, Inc., is a Delaware corporation with its principal place of business located at 539 Bryant Street, Suite 402, San Francisco, California 94107. Life360 does business throughout the United States and the State of California, including in this District.

**JURISDICTION AND VENUE**

7.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a) because those claims are so related to his federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

8.     This Court has personal jurisdiction over Defendant because Defendant conducts business in California, is headquartered in California, and because the events giving rise to this lawsuit occurred, in substantial part, in California.

9.     Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b) because Defendant maintains its headquarters and conducts significant business in this District and because the wrongful conduct giving rise to this case occurred in and/or emanated from this District.

**INTRADISTRICT ASSIGNMENT**

10.     Pursuant to Civil Local Rule 3-2(d), this case shall be assigned to the San Francisco Division.

**COMMON FACTUAL BACKGROUND**

11.     Defendant Life360 operates a large social network aimed at keeping families and groups of friends connected. Through its mobile application, users can access the Life360 social network and monitor the location of, communicate with, and send alerts to friends and family. Life360 claims that more than 50-million families use its social network.

12.     To further grow its network of users, Life360 began a marketing campaign to send

unauthorized text messages to the phones of thousands of non-users across the country. Under this campaign, Life360 would cause text messages to be sent from the "short code" (a shortened, five digit telephone number operated by Life360) "89050." Life360 programmed the body of the text message to read:

> [Recipient's name], check this out! life360.co/[hyperlink to Life360's website]

13.     By accessing data from its 50-million existing users, Life360 personalizes the text messages and includes the actual recipient's name in the "Recipient's name" field.

14.     In addition, in each text message, Life360 includes a hyperlink to its lf360.co website. Life360 also programmed its text messaging system to send a unique code that it uses to track whether a specific link is clicked on or used. Each hyperlink and unique code combination directs to Defendant's website where it promotes its Life360 social network and encourages non-users to join. And, when the hyperlink and unique code combination is clicked on a mobile device, such as an iPhone, Life360 automatically directs the user to its store-front where it offers the Life360 mobile application for free download and where accounts can be created.

15.     Life360 does not let the mobile application user modify, review, or alter the content of the promotional text message. Instead, Life360 alone has control over the content of the message, the timing for its transmission, the number from which it is sent (i.e., the 890-50 short code), and the content of any follow up text messages. However, the users are not told that the invitee will be sent a text message, nor do they obtain the invitee's consent prior to Life360 sending the text message.

16.     The programmable nature of the text messages sent by Defendant indicates that it used an automatic telephone dialing system ("ATDS"). Specifically, the hardware and software used by Defendant has the capacity to store, produce, and dial random or sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Defendant's automated dialing equipment includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous text message calls simultaneously (all without human intervention).

1    17.    In fact, the promotional text message calls alleged herein were exclusively made and

2    initiated by Defendant and not by any consumer. And, Defendant made, or had made on its behalf,

3    the same (or substantially the same) text message calls *en masse* to thousands of cellular telephone

4    numbers.

5    18.    But while Defendant made, and continues to make, these unauthorized text message

6    calls to consumers to solicit them to register for its social network, it never obtained recipients'

7    consent to do so. Moreover, none of the Life360 promotional text messages made by Defendant

8    provided a reasonable opportunity for the recipient to opt out of receiving future promotional text

9    messages.

10   19.    Through its conduct, Defendant has caused consumers actual harm by making the

11   unauthorized text message calls at issue. Plaintiff and members of the Class were not only subjected

12   to the aggravation that necessarily accompanies the receipt of unauthorized text message calls, but

13   also because consumers frequently have to pay their cell phone service providers for the receipt of

14   such unauthorized text message calls.

15   20.    Moreover, Plaintiff and members of the Class suffered injuries in the form of

16   invasions of privacy and violations of their statutory rights, the monies paid to receive Defendant's

17   unsolicited text messages, the diminished value and utility of their telephone equipment and

18   telephone subscription services (i.e., the value of such equipment and services is higher when

19   unencumbered by repeated and harassing text message calls), the amounts of time lost answering

20   and fielding the unwanted telemarketing text messages, the wear and tear on their telephone

21   equipment, the loss of battery (which becomes diminished with each incoming phone call), the loss

22   of battery life (which has a finite number of charging cycles), and the electricity costs required to

23   recharge their cellular phones.

24                          **FACTS SPECIFIC TO PLAINTIFF COUR**

25   21.    On February 13, 2016, Life360 sent a text message from 890-50 to Plaintiff's

26   telephone number stating "TJ, check this out! Lf360.co/i/g2a5iJaTB005," as shown in Figure 1, on

27   the following page.

28

1      22.    Plaintiff is not a user of Life360. Moreover, Plaintiff did not provide his cellular

2  telephone number to Defendant. As such, Plaintiff did not provide any form of prior express consent

3  to receive text messages from Defendant.

4      23.    Defendant's intrusive text messages adversely affected Plaintiff's right to privacy.

5      24.    Defendant was and is aware that the above-described text message calls were being

6  made on a widespread basis, and that the text message calls were being made to consumers who had

7  not consented to receive them.



**(Figure 1.)**

**CLASS ALLEGATIONS**

    25.    **Class Definition:** Plaintiff brings this action pursuant to Federal Rule of Civil

Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and a Class of similarly situated

individuals defined as follows:

    All persons in the United States who received one or more unauthorized text message
    calls from (or on behalf of) Life360, Inc.

The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this

1  action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors,

2  predecessors, and any entity in which the Defendant or its parents have a controlling interest and its

3  current or former employees, officers and directors; (3) persons who properly execute and file a

4  timely request for exclusion from the Class; (4) persons whose claims in this matter have been

5  finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's

6  counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

7      26.    **Numerosity**: The exact number of members of the Class is unknown and is not

8  available to Plaintiff at this time, but individual joinder in this case is impracticable. The Class

9  likely consists of tens of thousands of individuals. Class members can be easily identified through

10  Defendant's or its agents' records.

11      27.    **Commonality and Predominance**: There are many questions of law and fact

12  common to the claims of Plaintiff and the other members of the Class, and those questions

13  predominate over any questions that may affect individual members of the Class. Common

14  questions for the Class include but are not limited to the following:

15          (a)    Whether Defendant's conduct constitutes a violation of the TCPA;

16          (b)    Whether the equipment Defendant used to make the text message calls in

17                 question was an automatic telephone dialing system as contemplated by the

18                 TCPA;

19          (c)    Whether Defendant's telephone calling activities as alleged herein constitute

20                 unfair and/or unlawful business practices under California law; and,

21          (d)    Whether Class members are entitled to treble damages based on the

22                 willfulness of Defendant's conduct.

23      28.    **Typicality**: Plaintiff's claims are typical of the claims of the other members of the

24  Class. Plaintiff and the Class sustained damages as a result of Defendant's uniform wrongful

25  conduct during transactions with Plaintiff and the Class.

26      29.    **Adequate Representation**: Plaintiff has and will continue to fairly and adequately

27  represent and protect the interests of the Class, and he has retained counsel competent and

28

1    experienced in complex litigation and class actions. Plaintiff has no interests antagonistic to those of

2    the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are

3    committed to vigorously prosecuting this action on behalf of the members of the Class, and they

4    have the resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the

5    other members of the Class.

6         30.    **Policies Generally Applicable to the Class**: This class action is appropriate for

7    certification because Defendant has acted or refused to act on grounds generally applicable to the

8    Class, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of

9    conduct toward the members of the Class and making final injunctive relief appropriate with respect

10   to the Class as a whole. Defendant's policies challenged herein apply and affect the members of the

11   Class uniformly and Plaintiff's challenge of these policies hinges on Defendant's conduct with

12   respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

13        31.    **Superiority**: This class action is also appropriate for certification because class

14   proceedings are superior to all other available methods for the fair and efficient adjudication of this

15   controversy and joinder of all members of the Class is impracticable. The damages suffered by the

16   individual members of the Class will likely be small relative to the burden and expense of

17   individual prosecution of the complex litigation necessitated by Defendant's wrongful conduct.

18   Thus, it would be virtually impossible for the individual members of the Class to obtain effective

19   relief from Defendant's misconduct. Even if members of the Class could sustain such individual

20   litigation, it would not be preferable to a class action because individual litigation would increase

21   the delay and expense to all parties due to the complex legal and factual controversies presented in

22   this Complaint. By contrast, a class action presents far fewer management difficulties and provides

23   the benefits of single adjudication, economy of scale, and comprehensive supervision by a single

24   court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be

25   ensured.

26        32.    Plaintiff reserves the right to revise the foregoing "Class Allegations" and "Class

27   Definition" based on facts learned through additional investigation and in discovery.

28

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the Class)**

33.   Plaintiff incorporates the foregoing allegations as if fully set forth herein.

34.   Defendant, without having prior express consent, sent text messages to Plaintiff and the other members of the Class.

35.   Defendant sent these text messages using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers, *en masse*, simultaneously and without human intervention.

36.   Users of Life360's mobile application are encouraged to promote Life360 by inviting a group of pre-selected contacts to the application (i.e., a group of the users' friends and family Life360 chooses). However, the users are not told that the invitee will be sent a text message, nor do they obtain the invitee's consent prior to Life360 sending the text message.

37.   Moreover, Life360 does not let the mobile application user modify, review, or alter the content of the promotional text message. Instead, Life360 alone has control over the content of the message, the timing for its transmission, the number from which it is sent (i.e., the 890-50 short code), and the content of any follow up text messages.

38.   By sending text messages to cellular telephone numbers with an automated telephone dialing system and without prior express consent, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

39.   As a result of its unlawful conduct, Defendant repeatedly invaded Plaintiff's and the Class's personal privacy thus causing them to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), each are entitled to recover $500 in damages for each violation and an injunction requiring Defendant to stop its illegal text messaging campaign.

40.   To the extent Defendant's misconduct is determined to be willful, the Court should treble the amount of statutory damages under 47 U.S.C. § 227(b)(3).

**SECOND CAUSE OF ACTION**
**Violations of California's Unfair Competition Law**
**Cal. Bus. & Prof. Code §§ 17200, *et seq.***
**(On Behalf of Plaintiff and the Class)**

41.   Plaintiff incorporates by reference the foregoing allegations as if fully set forth

1   herein.

2        42.    California's Unfair Competition Law ("UCL"), Cal Bus. & Prof. Code §§ 17200, *et*

3   *seq.*, prohibits any unlawful, unfair, or fraudulent business act or practice. A business practice need

4   only meet one of these three criteria to be considered unfair competition.

5        43.    As described herein, Defendant has engaged in unfair and unlawful business

6   practices, as defined by the UCL, by having text messages sent to cellular telephone numbers with

7   an automated telephone dialing system without the prior express consent of the called parties, in

8   violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

9        44.    Defendant knew that it used automated telephone dialing equipment to send text

10   messages to cellular telephone numbers belonging to Plaintiff and the members of the Class, and yet

11   willfully placed such calls while consistently disregarding requests to stop.

12        45.    Defendant violated the UCL's unfair prong and caused substantial injury to

13   consumers by knowingly accessing their cellular telephone equipment without consent, thereby

14   causing wear and tear on their property; consuming battery life; appropriating cellular minutes; and

15   diminishing their use, enjoyment, and utility of their cellular telephone plans. The injuries caused by

16   Defendant's unfair conduct are not outweighed by any countervailing benefits to consumers or

17   competition, and the injuries are such that consumers themselves could not have reasonably avoided

18   them.

19        46.    Defendant has also violated the UCL's unlawful prong by violating the TCPA, as

20   described above.

21        47.    Defendant's unlawful and unfair conduct occurred during attempts to collect on

22   consumer debts, and therefore occurred in the course of Defendant's business practices.

23        48.    Defendant's unfair and unlawful conduct directly and proximately caused Plaintiff

24   and the Class a loss of money or property in the form of the wear and tear on their cellular

25   telephone equipment, consumed battery life, lost cellular minutes, and the diminishment in the use,

26   enjoyment, value, and utility of their cellular telephone plans.

27        49.    Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiff seeks an order (1) requiring

28

1  Defendant to cease the unfair and unlawful practices described herein; (2) requiring Defendant to

2  restore to Plaintiff and each Class member any money acquired by means of unfair and/or unlawful

3  competition (restitution); and, (3) awarding reasonable costs and attorneys' fees pursuant to Cal.

4  Code Civ. Proc. § 1021.5.

5                            **PRAYER FOR RELIEF**

6         WHEREFORE, Plaintiff Terry Cour II, individually and on behalf of the Class, prays for the

7  following relief:

8         A.     An order certifying the Class as defined above, appointing Plaintiff Terry Cour II as

9  the representatives of the Class and appointing his counsel as Class Counsel;

10        B.     An award of actual and statutory damages;

11        C.     An injunction requiring Defendant to cease all unsolicited telephone calling

12 activities;

13        D.     A declaratory judgment that Defendant's telephone calling equipment constitutes an

14 automated telephone dialing system under the TCPA;

15        E.     An injunction requiring Defendant to cease all use of automated or computerized

16 telephone calling equipment;

17        F.     An order requiring Defendant to disgorge any ill-gotten funds acquired as a result of

18 its unlawful telephone calling practices;

19        G.     An order requiring Defendant to disclose the names of any third-party companies

20 involved in the generation of the text messages alleged herein, along with the terms of any contracts

21 it has with such entities;

22        H.     An order requiring Defendant to permanently cease-and-desist from all unlawful

23 conduct as alleged herein, and otherwise protecting the interests of the Class;

24        I.     An award of reasonable attorneys' fees and costs; and

25        J.     Such other and further relief that the Court deems reasonable and just.

26                          **DEMAND FOR JURY TRIAL**

27        Plaintiff demands a trial by jury for all issues so triable.

28

11

Respectfully submitted,

Dated:  February 17, 2016

**TERRY COUR II**, individually and on behalf of all others similarly situated,

By: \_/s/ Todd Logan_____
         One of Plaintiff's Attorneys

Rafey S. Balabanian*
rbalabanian@edelson.com
Alicia Hwang*
ahwang@edelson.com
Todd Logan (SBN – 305912)
tlogan@edelson.com
EDELSON PC
329 Bryant Street
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9435

Ari J. Scharg*
ascharg@edelson.com
Amir C. Missaghi*
amissaghi@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Pro hac vice* admission to be sought

*Attorneys for Plaintiff and the Putative Class*