1   WILLIAM A. MOLINSKI (SBN 145186)
    wmolinski@orrick.com
2   ORRICK, HERRINGTON & SUTCLIFFE LLP
    777 South Figueroa Street
3   Suite 3200
    Los Angeles, CA 90017
4   Telephone: (213) 629-2020
    Facsimile: (213) 612-2499
5
    GREGORY D. BEAMAN (admitted *pro hac vice*)
6   gbeaman@orrick.com
    ORRICK, HERRINGTON & SUTCLIFFE LLP
7   Orrick Building at Columbia Center
    1152 15th Street, N.W.
8   Washington, D.C.  20005
    Telephone: (202) 339-8400
9   Facsimile: (202) 339-8500

10  Attorneys for Defendant Life360, Inc.

11                  UNITED STATES DISTRICT COURT

12                 NORTHERN DISTRICT OF CALIFORNIA

13                    SAN FRANCISCO DIVISION

14

15  TERRY COUR II, individually and on behalf     Case No. 3:16-cv-00805-TEH
    of all others similarly situated,
16                                                 **DEFENDANT'S MOTION FOR
                                                   ATTORNEYS' FEES AND COSTS
17                   Plaintiff,                    PURSUANT TO 28 U.S.C. § 1927
                                                   AND/OR THE COURT'S INHERENT
18             v.                                  AUTHORITY, AND MEMORANDUM
                                                   OF POINTS AND AUTHORITIES IN
19  LIFE360, INC., a Delaware corporation,         SUPPORT THEREOF**

20                   Defendant.                    **CLASS ACTION**

21                                                 **Hearing Date: June 6, 2016**

22                                                 **Time: 10:00 a.m.**

23                                                 **Courtroom: 2**

24

25                                                 **\*\*REDACTED VERSION OF
                                                   DOCUMENT SOUGHT TO BE
26                                                 SEALED\*\***

27

28

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION……………………………………………………1

MEMORANDUM OF POINTS AND AUTHORITIES…………………………………....1

PRELIMINARY STATEMENT……………………………………………………………1

STATEMENT OF ISSUE TO BE DECIDED ................................................................. 3

STATEMENT OF FACTS ............................................................................................... 3

I.    STANDARD ........................................................................................................ 6

II.   LIFE360 SHOULD BE AWARDED ITS FEES AND COSTS IN RESPONDING TO
      THE COMPLAINT, WHICH WAS BROUGHT VEXATIOUSLY AND IN BAD
      FAITH ................................................................................................................. 7

CONCLUSION ............................................................................................................. 10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

### CASES

*Chambers v. NASCO, Inc.*,
    501 U.S. 32 (1991) ...........................................................................................7

*Chargualaf v. Winkler*,
    792 F.2d 858 (9th Cir. 1986) ...........................................................................7

*Edgerly v. City and Cnty. of San Francisco*,
    No. C 03-02169 WHA, 2005 WL 235710 (N.D. Cal. Feb. 1, 2005) ..........................7

*Faurie v. Berkeley Unified School Dist.*,
    No. C 08-0060 THE, 2008 WL 1886011 (N.D. Cal. Apr. 25, 2008)
    (Henderson, J.) ................................................................................................7

*Fink v. Gomez*,
    239 F.3d 989 (9th Cir. 2001) ...........................................................................7

*Glauser v. GroupMe, Inc.*,
    No C 11-2584 PJH, 2015 WL 475111 (N.D. Cal. Feb. 4, 2015) ...............................9

*Johnson v. Univ. of Rochester Med. Ctr.*,
    642 F.3d 121 (2d Cir. 2011) ...........................................................................10

*McKenna v. WhisperText*,
    No. 5:14-cv-00424-PSG, 2015 WL 5264750 (N.D. Cal. Sept. 9, 2015) ...............4,9

*O'Connor v. Trans Union, LLC*,
    No. 05-cv-74498, 2008 WL 4910670 (E.D. Mich. Nov. 13, 2008) ........................10

*Yue v. Storage Tech. Corp.*,
    No. C07-05850 MJJ, 2008 WL 361142 (N.D. Cal. Feb. 11, 2008) ........................6,7

### STATUTES

28 U.S.C. § 1927 .....................................................................................1,3,6,7

Telephone Consumer Protection Act ...................................................... *passim*

California Public Utilities Code and the Telephone Records and Privacy Protection
    Act of 2006 ....................................................................................................5

California Unfair Competition Law ........................................................................4

### RULES

Federal Rule of Civil Procedure 11 ........................................................................5

**NOTICE OF MOTION AND MOTION**

NOTICE IS HEREBY GIVEN that, on June 6, 2016 at 10:00 a.m., or as soon thereafter as counsel may be heard, in the Courtroom of the Honorable Thelton E. Henderson, United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, Defendant Life360, Inc. ("Life360") will and hereby does move the Court for an order, pursuant to 28 U.S.C. § 1927 and/or the Court's inherent power to levy sanctions where a party or his counsel has acted in bad faith and/or engaged in vexatious litigation, awarding Life360 all of its attorneys' fees and costs in responding to Plaintiff's Complaint.  This motion is based on this Notice of Motion, the following Memorandum of Points and Authorities, the Declaration of Christopher Hulls (the "May 2 Hulls Decl."), the Declaration of Gregory D. Beaman (the "May 2 Beaman Decl.") and accompanying exhibits, the Request for Judicial Notice and accompanying exhibits, argument of counsel, all pleadings, records and papers on file, and such other matters that may be presented to the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**PRELIMINARY STATEMENT**

Life360 does not bring this motion lightly, but having tried to work through the issues raised here with counsel for Plaintiff on several occasions to no avail, Life360 is left with little choice but to seek relief from the Court.  The gravamen of Plaintiff's Complaint is that Life360, through its popular smartphone application (the "Life360 App" or "App"), allegedly sends unsolicited text messages to users' contacts, and does so exclusively on its own without initiation by the App's users, in violation of the Telephone Consumer Protection Act ("TCPA").  That is not, however, how the Life360 App works and counsel for Life360 endeavored to explain that to Plaintiff's counsel at the inception of the case, which counsel roundly rejected.  Instead, counsel for Plaintiff refused to withdraw the Complaint, stated that he would only accept a significant class settlement, and threatened that it was "gut check" time for Life360.

Upon investigating the specific allegations in the Complaint, Life360 observed that a family member of Plaintiff's had sent the seemingly offending text, and it was not "spam," as indicated in the Complaint.  Life360 further noted that ███████████████████████

████████████████████████████████████████ ten days before the allegedly

offending text at issue here was sent to Plaintiff, and two weeks before filing the instant law suit.

Indeed, Life360's business records reveal the following sequence of events:

- **Wednesday, February 3, 2016 –** ████████████████████████████████████████████.

- **Saturday, February 13, 2016** – Plaintiff's family member sends him a text message invitation through the App.

- **Wednesday, February 17, 2016** – Plaintiff's counsel files suit on behalf of Plaintiff.

Having ██████████████ prior to Plaintiff's receipt of the allegedly offending text,

Plaintiff's counsel had direct knowledge of the fact that users of the App initiate text message

invitations, not Life360.  Yet, the Complaint incorrectly alleges that Life360, and not one of its

users, sent Plaintiff unsolicited text messages in violation of the TCPA because, *inter alia*, (i) "the

promotional text message calls alleged herein were <u>exclusively initiated by [Life360] and not by</u>

<u>any consumer</u>" (Compl. ¶ 17 (emphasis added)), and (ii) the Life360 App sends text messages to

users' contacts *without human intervention* (*id.* ¶ 16).

Once again, counsel for Life360 reached out to counsel for Plaintiff to reiterate that the

App does not unilaterally send unauthorized text messages as described in the Complaint, and

also shared the fact that it became aware that ████████████████████ before filing suit

and therefore knew first-hand how the App works.  Given that counsel for Plaintiff made

representations in the Complaint to the contrary, counsel for Life360 urged Plaintiff to withdraw

his Complaint given that the Life360 App does not initiate text messages and does not use an

automated telephone dialing system, as required to state a TCPA claim. Counsel for Plaintiff

refused.  Accordingly, Life360 moved to dismiss Plaintiff's claims on the grounds previously

discussed with Plaintiff's counsel.

Counsel for Plaintiff then followed up with a letter to Life360's counsel in which he

threatened potential privacy claims against Life360 and its counsel.  Because Life360 does not

bring this motion lightly, its counsel reached out to Life360's counsel one more time before filing

this motion in an effort to resolve these issues without the need for further litigation.  Plaintiff's

1   counsel was unmoved by the issues raised herein.

2        Because Plaintiff's counsel knew how the App works, inaccurately presented those facts

3   in the Complaint, and then refused to withdraw the Complaint when confronted with those facts,

4   Life360 needlessly incurred attorney's fees and costs in responding to the Complaint.  Plaintiff's

5   counsel's conduct, moreover, has not been in good faith and has further unnecessarily added

6   expense to Life360's defense of this case.  Accordingly, Life360 respectfully requests an award

7   of fees and costs in defending this unmeritorious and vexatious action.

8                          **STATEMENT OF ISSUE TO BE DECIDED**

9        Whether Life360 is entitled to an award of its attorneys' fees and costs, pursuant to 28

10  U.S.C. § 1927 and/or the Court's inherent authority to levy sanctions against a party and/or his

11  counsel for bad faith conduct, because Plaintiff's counsel:  (i) knowingly misrepresented the facts

12  in the Complaint; (ii) vexatiously continues to prosecute this frivolous lawsuit against Life360

13  despite counsel's personal knowledge of facts demonstrating that Plaintiff's claims have no basis

14  in law or fact; and (iii) has threatened baseless privacy claims against Life360 and its counsel.

15                                **STATEMENT OF FACTS**

16       Life360's business records reveal that, on February 3, 2016, an account was created with

17  Life360 under the user name ████████   May 2 Hulls Decl. ¶ 2.  The phone number provided by

18  the ████████ user when opening the account was ████████   *Id.*  Based upon publicly-

19  available information, that phone number belongs to ████████, a company run by

20  ████████████████████████████████████████████████████████████

21  May 2 Beaman Decl., Ex. 2.  Shortly after creating the ████████ account, the ████████ user

22  created the ████ family circle and sent an invitation to a contact whose phone number is ████

23  ████.  May 2 Hulls Decl. ¶ 2.  ████████████████████████████████

24  ████.  May 2 Beaman Decl. ¶ 4.  The ████████ user did not invite any of his other contacts

25  and therefore no text message invitations were sent to any of the ████████ user's contacts other

26  than ████████.  May 2 Hulls Decl. ¶ 2

27       Minutes after inviting ████████ to join Life360, the ████████ user deleted his Life360

28  account and created a new account under the user name ████████ and a new circle named

                                        3

1    the ████████████    *See* May 2 Hulls Decl. ¶ 2.  The ████████████ user then invited two other

2    people to join the ████████ circle.  *See id.* ████████████████████████

3    ████████████████████████, also downloaded the App on February 3, 2016, and sent

4    a text message invitation to another person.  *See id.* ¶ 3.  ████████ did not invite any of his

5    other contacts, and therefore no text message invitations were sent to any of his contacts other

6    than the specific contact he selected.  *See id.*

7         On February 13, 2016, ten days *after* ████████████████████████

8    ████████████████, Plaintiff's own family member sent an invitation to Plaintiff, Terry

9    (aka, "TJ") Cour, to join the App.  *See* Declaration of Christopher Hulls dated April 21, 2016

10   [ECF No. 20-13] (the "April 21 Hulls Decl.") ¶ 12.  On information and belief, this invitation to

11   Plaintiff is reflected in the text message invitation that Plaintiff quotes and provides a screenshot

12   of in the Complaint.  *See* Compl. ¶ 21 & Figure 1; *see also* April 21 Hulls Decl. ¶ 12 & Ex. 7.

13        Four days after Plaintiff was sent the invitational text, on February 17, 2016, Plaintiff's

14   counsel filed the Complaint on behalf of Plaintiff, unequivocally contending that the Life360 App

15   sends unsolicited, unauthorized text messages to App users' contacts in violation of the TCPA

16   and California Unfair Competition Law.  More specifically, the Complaint takes the position that:

17   (i) "the promotional text message calls alleged herein were exclusively made and initiated by

18   Defendant and not by any consumer" (Compl. ¶ 17); and (ii) "Life360 alone has control over . . .

19   the timing for [invitational text messages'] transmission" (*id.* ¶ 15).

20        On April 13, 2016, counsel for Life360 called Mr. Scharg to introduce themselves and

21   discuss Plaintiff's claims generally.  *See* May 2 Beaman Decl. ¶ 5.[1]  At the time of that call,

22   Life360 and its counsel were unaware of ████████████████████████.

23   *See id.*  Counsel for Life360 advised Mr. Scharg that Life360 intended to move for dismissal of

24   the Complaint on the ground that Plaintiff's claims lacked merit under authority of the Federal

25   Communications Commission ("FCC") and this Circuit because users of the Life360 App must

26   select whom they wish to have an invitation sent to before any text message invitations will be

27   sent to their contacts.  *See id.*

28   _____
     [1] Several associates from the Edelson firm joined Mr. Scharg on the call.  *See id.*

1    Mr. Scharg disagreed, explaining that his firm had investigated the functions of the App,

2    which, Mr. Scharg stated, is similar to the "Glide app" that the FCC found violated the TCPA.

3    *See* May 2 Beaman Decl. ¶ 5.  In response, counsel for Life360 provided Mr. Scharg with the

4    citation to *McKenna v. WhisperText*, No. 5:14-cv-00424-PSG, 2015 WL 5264750 (N.D. Cal.

5    Sept. 9, 2015), in which this District recently held that an application which is indistinguishable

6    from the Life360 App did not violate the TCPA.  *See id.*  Counsel for Life360 also explained their

7    understanding of the functions of the App, at which point Mr. Scharg suggested to counsel for

8    Life360 that they and Life360 needed to do a "gut check," and stated that he would not be

9    dismissing the case absent a class settlement.  *See id.*  Mr. Scharg concluded by stating that if

10   counsel for Life360 learned any additional information, further discussions would be welcomed.

11   After learning that ████████████████████ as described above (*see supra* at 2-

12   3), Life360's counsel placed a follow-up call to Mr. Scharg on April 20, 2016.  *See* May 2

13   Beaman Decl. ¶ 6.  On that call, Life360's counsel again advised Mr. Scharg that Life360 would

14   be seeking dismissal of the Complaint and explained the basis for Life360's amply-supported

15   position that Plaintiff's claims lack merit and should be voluntarily dismissed.  *See id.*  Mr.

16   Scharg rejected this analysis and, again, insisted that this case is no different than "the Glide

17   case." *See id.*

18   Life360's counsel also advised Mr. Scharg that Life360 had recently learned that

19   █████████████████████████████ prior to filing the Complaint, which

20   would have demonstrated to them that text message invitations sent by the App are not

21   exclusively initiated by Life360, contrary to what is alleged in the Complaint.  *See* May 2

22   Beaman Decl. ¶ 6.  Mr. Scharg asked if Life360's counsel was suggesting that he violated Federal

23   Rule of Civil Procedure 11 in filing the Complaint, and Life360's counsel explained that he was

24   not suggesting anything one way or the other, but rather was simply explaining to Mr. Scharg

25   what was known about ██████████████████ on February 3, 2016.  *See*

26   *id.*  When Life360's counsel suggested that, based on the law and facts, Plaintiff simply had "the

27   wrong defendant" here, Mr. Scharg replied, "I doubt it."  *Id.*   Life360 was therefore forced to file

28   its Motion on April 21, 2016.

5

Mr. Scharg then followed up with a letter to Life360's counsel on April 25, 2016 in which he contended a breach of Life360's Privacy Policy and violation of his privacy rights under the California Public Utilities Code and the Telephone Records and Privacy Protection Act of 2006. *See* May 2 Beaman Decl., Ex. 3.  Mr. Scharg also argued that Life360's counsel had violated certain ethical rules, relying on a clearly inapposite case that has absolutely no bearing on the facts at issue here.  *See id.*

Before filing this motion, Life360's counsel followed up one more time with counsel for Plaintiff on April 28, 2016 in an effort to avoid the need to bring this motion.  *See* May 2 Beaman Decl. ¶ 8.  Plaintiff's counsel conceded that they investigated the App and knew how it worked before filing the Complaint, but argued that Plaintiff's claims had not been brought in bad faith because, according to their theory, users are not told that text messages will be sent via text message and Life360 alone has control over the timing of when invitations will be sent.  *See id.*, Ex. 4.  However, Plaintiff's counsel then followed up with an email later that day indicating that they were interested in knowing whether Life360 had information that the family member who initiated the text message at issue to Plaintiff knew that invitations were sent by text at the time she invited Plaintiff, which, Plaintiff's counsel indicated, may make them reconsider pursuing Plaintiff's claims.  *See id.*, Ex. 5.  Life360's counsel responded with a letter the next day explaining that Plaintiff's inviter's knowledge was legally irrelevant under the TCPA and, in any event, if Plaintiff's counsel believed that such knowledge was legally relevant, they had a duty to investigate this issue before filing the Complaint or, at the very least, after Life360 informed them that it was Plaintiff's family member who initiated the text message to Plaintiff.  *See id.*, Ex. 6.  In that letter, Life360's counsel requested that counsel for Plaintiff indicate by close of business on April 28, 2016 whether they would agree to withdraw Plaintiff's unmeritorious Complaint.  *See id.* They did not respond.

## I.   STANDARD

"Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously and may be required by the court to satisfy personally the excess costs, expenses and attorney's fees

reasonably incurred because of such conduct." 28 U.S.C. § 1927. "Under § 1927, a litigant's recklessness, rather than bad faith, is sufficient to justify an imposition of sanctions." *Yue v. Storage Tech. Corp.*, No. C07-05850 MJJ, 2008 WL 361142, at *2 (N.D. Cal. Feb. 11, 2008) (citing *Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001)). Thus, "sanctions are appropriate 'when an attorney knowingly or recklessly raises a frivolous argument . . . or argues a meritorious claim for the purpose of harassing an opponent.'" *Edgerly v. City and Cnty. of San Francisco*, No. C 03-02169 WHA, 2005 WL 235710, at *3 (N.D. Cal. Feb. 1, 2005) (quoting *Chargualaf v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986)). The award of attorneys' fees under § 1927 is "intended to serve as a sanction against counsel personally for reckless or bad faith conduct in the course of litigation." *Yue*, 2008 WL 361142, at *2 (citation omitted).

In addition, federal courts have the inherent power to sanction a party for bad faith conduct related to initiating and conducting litigation. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991); *see also Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001); *Faurie v. Berkeley Unified School Dist.*, No. C 08-0060 THE, 2008 WL 1886011, at *3 (N.D. Cal. Apr. 25, 2008) (Henderson, J.). This power is entrenched in the courts' well-established equitable authority "to award expenses, including attorneys' fees, to a litigant whose opponent acts in bad faith in instituting or conducting litigation." *Chambers*, 501 U.S. at 48. While certain statutes and rules also authorize the imposition of sanctions for similar offenses, "[t]hese other mechanisms, taken alone or together, are not substitutes for the inherent power, for that power is both broader and narrower than other means of imposing sanctions." *Id.* at 46. The Ninth Circuit has held that an attorney's reckless misstatements of law and fact, when coupled with an additional factor such as frivolousness, harassment, or an improper purpose, "are sanctionable under a court's inherent power." *Fink*, 239 F.3d at 994.

## II. LIFE360 SHOULD BE AWARDED ITS FEES AND COSTS IN RESPONDING TO THE COMPLAINT, WHICH WAS BROUGHT VEXATIOUSLY AND IN BAD FAITH

When Plaintiff's counsel filed the Complaint, they knew that the Life360 App does not send text message invitations to a user's contact unless the user affirmatively selects to invite that

1   particular contact to join the App.  Indeed, two weeks before filing the Complaint ████
2   ████████████████████ the App under the user name, ████████ and affirmatively selected to
3   have an invitation sent to ████████. *See* May 2 Hulls Decl. ¶ 2.  The App did not, would not
4   and could not have sent ████████ an invitational text message absent ████████ affirmative
5   direction to send ████████ an invitation. *See* April 21 Hulls Decl. ¶ 3. ████, ████
6   ████████████, also knew this to be true, as he sent an invitation to someone as well. *See*
7   May 2 Hulls Decl. ¶ 3.

8          Despite having this first-hand knowledge from their own investigation of the App's
9   functions, Plaintiff's counsel proceeded to file the Complaint alleging that Life360 is in violation
10  of the TCPA and UCL because: (i) the Life360 App sends text message invitations to users'
11  contacts that are "exclusively made and initiated by [Life360] and not by any consumer" (Compl.
12  ¶ 17); (ii) "Life360 alone has control over . . . the timing for [invitational text messages']
13  transmission" (*id.* ¶ 15); (iii) the App's text messages are sent without human intervention (*id.* ¶
14  16).  Plaintiff's counsel further allege in the Complaint that (i) Plaintiff initiated this suit "to seek
15  redress for [Life360's] sending of unsolicited text message calls" (Compl. at 1), even though
16  Plaintiff's counsel knew that it was Plaintiff's own family member who sent him the text message
17  invitation at issue, and (ii) "[t]hrough its conduct, [Life360] has caused consumers actual harm by
18  making the unauthorized text message calls at issue" (*id.* ¶ 19), even though Plaintiff's counsel
19  knew that it is the conduct of the App's users, not Life360, that causes the invitational text
20  messages to be sent. Those allegations do not hold up and Plaintiff's counsel knew this before
21  they filed the Complaint.  Nonetheless, Plaintiff's counsel has refused to withdraw the Complaint
22  and has repeatedly insisted that Plaintiff's claims are meritorious because this case is no different
23  from "the Glide case." *See* May 2 Beaman Decl. ¶¶ 5-6.

24         That argument, which Life360 fully expects Plaintiff's counsel to make in response to
25  Life360's Motion, is frivolous.  Mr. Scharg, who litigated a case relating to the Glide app, knows
26  that the Glide app is materially different from the Life360 App because the Life360 App does *not*
27  automatically spam users' contacts with text message invitations without the user's direction.
28  The FCC found that the Glide app violated the TCPA because "Glide *automatically* sends

1   invitational texts of its own choosing to every contact in the app user's contact list with little or
2   no obvious control by the user."  RJN, Ex. 1 ¶ 35 (emphasis added).  By contrast, in that same
3   ruling the FCC ruled that the TextMe app did not violate the TCPA because it only sent text
4   message invitations to a user's contacts after the user went through the following steps to have an
5   invitation sent: "(1) tap a button that reads 'invite your friends,'; (2) choose whether to 'invite all
6   their friends or [] individually select contacts;' and (3) choose to send the invitational text
7   message by selecting another button."  *Id.* ¶ 36 (alterations in original).  The FCC ruled that
8   "[t]hese affirmative choices by the app user lead us to conclude that the app user and not TextMe
9   is the maker of the invitational text message." *Id.* ¶ 37.

10      Likewise, this District recently dismissed virtually identical TCPA claims in *WhisperText*
11  and *Glauser v. GroupMe, Inc.*, No C 11-2584 PJH, 2015 WL 475111 (N.D. Cal. Feb. 4, 2015),
12  because, in each case, the app required the user to take the affirmative steps of selecting which
13  contacts to invite and expressly selecting to have invitations sent to them, which are exactly the
14  same steps that users of the Life360 App must take to cause invitational text messages to be sent
15  to their chosen contact.  *See* April 21 Hulls Decl. ¶¶ 7-10.

16      Plaintiff's counsel knows these steps well.  Ten days before Plaintiff received the
17  allegedly offending text at issue and two weeks before commencing this lawsuit, ██████████
18  ████████████████████ and learned that the Life360 App likewise only sends text
19  message invitations after a user taps a button granting the App access to its contacts, selects
20  which contacts, if any, she wishes to invite, and then affirmatively chooses to invite those
21  contacts by pressing the "invite" button.  *See* April 21 Hulls Decl. ¶¶ 7-10.

22      Plaintiff's refusal to withdraw the Complaint on the basis that this case "is the Glide case"
23  is plainly frivolous and vexatious, especially given that Plaintiff's counsel knew, before they filed
24  the Complaint, that the App does not send text message invitations exclusively on its own without
25  any user initiation.  As a result of Plaintiff's refusal to withdraw the Complaint, Life360 has been
26  forced to file the Motion and incur the costs of preparing that Motion, none of which Life360
27  would have incurred had Plaintiff withdrawn his vexatious claims.  Now, this Court's already-
28  heavy docket is being further burdened by having to rule on the Motion, which clearly establishes

that Plaintiff's claims lack merit under governing FCC authority and case law in this District.

To make matters worse, in response to Life360's counsel's discussion with Plaintiff's counsel regarding ██████████████████████ knowledge of how the App works, Mr. Scharg threatened possible privacy claims against Life360 and its counsel, even though their conduct in investigating the background of Plaintiff's allegations and the bad faith conduct of his counsel was entirely permissible and justified under the law and Life360's own Privacy Terms.  *See* May 2 Beaman Decl., Ex. 3.  Indeed, contrary to Mr. Scharg's claims, Life360 was entitled to share the information in its own files concerning ██████████████████████████ with its counsel in order to defend against Plaintiff's frivolous, bad faith claims.  The Life360 Privacy Policy makes plainly clear that Life360 may disclose users "personal information to third parties . . . if, in [Life360's] sole discretion, [Life360] determine[s] it is necessary . . . to investigate and defend [Life360] against any claims or allegations."  May 2 Hulls Decl., Ex. 1 § 2.

Simply put, the Complaint—and this entire litigation—is premised on untrue allegations that Plaintiff's counsel knew to be untrue at the time they filed the Complaint, which they now refuse to withdraw on the basis of frivolous arguments that are contradicted by Mr. Scharg's own prior statements to the FCC.  That is the hallmark of bad faith, and such conduct should not be countenanced by this Court.  *See, e.g., Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 126 (2d Cir. 2011) (affirming sanction of plaintiff's counsel where counsel "pursued claims she knew had no basis in law or fact" and made "repeated allegations that the University made an unsolicited, libelous statement about Johnson to the Delaware State Medical Board when, in fact, [plaintiff's] [counsel] requested and authorized the release of the allegedly libelous statement."); *O'Connor v. Trans Union, LLC*, No. 05-cv-74498, 2008 WL 4910670, at **20-22 (E.D. Mich. Nov. 13, 2008) (sanctioning plaintiff because he was aware of facts, prior to filing the complaint, demonstrating that his claim was not viable).[2]

---

[2] This is not the first time that Plaintiff's counsel has engaged in questionable conduct in this Circuit.  Just nine days ago, Judge Percy Anderson of the United States District Court for the Central District of California found that Edelson acted in bad faith in connection with a motion for *pro hac vice* admission filed by Ari Scharg because Mr. Scharg knowingly misrepresented to the Court that Edelson had an office in the Central District of California, even though Edelson uses a "virtual office" there that is unstaffed.  *See* RJN, Ex. 2.

1

## **CONCLUSION**

2          For the foregoing reasons, Life360 respectfully requests that the Court enter an order

3    awarding Life360 all of its attorneys' fees and costs incurred in responding to the Complaint.

4    Dated: May 2, 2016

5                                                              Respectfully submitted,

6                                                              ORRICK, HERRINGTON & SUTCLIFFE LLP

7

8                                                              */s/ William A. Molinski*
                                                               WILLIAM A. MOLINSKI (SBN 145186)
9
                                                               Attorneys for Defendant Life360, Inc
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28